UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CR. NO. 4:22-CR- |
| | : | |
| v. | : | (Judge                  ) |
| | : | |
| **AMY B. LEISTER**, | : | (electronically filed) |
| Defendant | : | |

## PLEA AGREEMENT

The following Plea Agreement is entered by the United States Attorney for the Middle District of Pennsylvania and the above-captioned defendant.  Any reference to the United States or to the Government in this Agreement shall mean the Office of the United States Attorney for the Middle District of Pennsylvania.

## A. Violation(s), Penalties, and Dismissal of Other Counts

1. <u>Guilty plea</u>.  The defendant agrees to plead guilty to Count One of the Information, which charges the defendant with a violation of Title 18, United States Code, § 701, possessing and making unauthorized identification cards and insignia, a Class B misdemeanor.  The maximum penalty for that offense is imprisonment for a period of 6 months, a fine of $5,000, a maximum term of supervised release of one year, which shall be

served at the conclusion of, and in addition to, any term of imprisonment, as well as the costs of prosecution, imprisonment, probation, or supervised release ordered, denial of certain federal benefits, and an assessment in the amount of $10.  At the time the guilty plea is entered, the defendant shall admit to the Court that the defendant is, in fact, guilty of the offense(s) charged in that count.  After sentencing, the United States will move for dismissal of any remaining counts of the Indictment.  The defendant agrees, however, that the United States may, at its sole election, reinstate any dismissed charges, or seek additional charges, in the event that any guilty plea entered or sentence imposed pursuant to this Agreement is subsequently vacated, set aside, or invalidated by any court. The defendant further agrees to waive any defenses to reinstatement of any charges, or to the filing of additional charges, based upon laches, the assertion of speedy trial rights, any applicable statute of limitations, or any other ground.  The calculation of time under the Speedy Trial Act for when trial

2

must commence is tolled as of the date of the defendant's

signing of this Agreement, until either (a) the defendant pleads

guilty; or (b) a new date is set by the Court for commencement

of trial.

2.  <u>No Further Prosecution, Except Tax Charges</u>.  The United

States Attorney's Office for the Middle District of Pennsylvania

agrees that it will not bring any other criminal charges against

the defendant directly arising out of the defendant's

involvement in the offense(s) described above.  However,

nothing in this Agreement will limit prosecution for criminal tax

charges, if any, arising out of those offenses.

**B.  <u>Fines and Assessments</u>**

3.  <u>Fine</u>.  The defendant understands that the Court may impose a

fine pursuant to the Sentencing Reform Act of 1984.  The willful

failure to pay any fine imposed by the Court, in full, may be

considered a breach of this Plea Agreement.  Further, the

defendant acknowledges that willful failure to pay the fine may

subject the defendant to additional criminal violations and civil

penalties pursuant to Title 18, United States Code, § 3611, et seq.

4. <u>Alternative Fine</u>.  The defendant understands that under the alternative fine section of Title 18, United States Code, § 3571, the maximum fine quoted above may be increased if the Court finds that any person derived pecuniary gain or suffered pecuniary loss from the offense and that the maximum fine to be imposed, if the Court elects to proceed in this fashion, could be twice the amount of the gross gain or twice the amount of the gross loss resulting from the offense.

5. <u>Inmate Financial Responsibility Program</u>.  If the Court orders a fine or restitution as part of the defendant's sentence, and the sentence includes a term of imprisonment, the defendant agrees to voluntarily enter the United States Bureau of Prisons-administered program known as the Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect up to 50% of the defendant's prison salary, and up to 50% of the balance of the defendant's inmate account, and apply

that amount on the defendant's behalf to the payment of the outstanding fine and restitution orders.

6. <u>Special Assessment</u>.  The defendant understands that the Court will impose a special assessment of $10, pursuant to the provisions of Title 18, United States Code, § 3013.  No later than the date of sentencing, the defendant or defendant's counsel shall mail a check in payment of the special assessment directly to the Clerk, United States District Court, Middle District of Pennsylvania.  If the defendant intentionally fails to make this payment, that failure may be treated as a breach of this Plea Agreement and may result in further prosecution, the filing of additional criminal charges, or a contempt citation.

7. <u>Collection of Financial Obligations</u>.  In order to facilitate the collection of financial obligations imposed in connection with this case, the defendant consents and agrees:

a.  to fully disclose all assets in which the defendant has an interest or over which the defendant has control, directly or

indirectly, including those held by a spouse, nominee, or other third party;

b.  to submit to interviews by the Government regarding the defendant's financial status;

c.  to submit a complete, accurate, and truthful financial statement, on the form provided by the Government, to the United States Attorney's Office no later than 14 days following entry of the guilty plea;

d.  whether represented by counsel or not, to consent to contact by and communication with the Government, and to waive any prohibition against communication with a represented party by the Government regarding the defendant's financial status;

e.  to authorize the Government to obtain the defendant's credit reports in order to evaluate the defendant's ability to satisfy any financial obligations imposed by the Court; and

f.  to submit any financial information requested by the Probation Office as directed, and to the sharing of financial

information between the Government and the Probation

Office.

## C. <u>Sentencing Guidelines Calculation</u>

8. <u>Determination of Sentencing Guidelines.</u>  The defendant and

counsel for both parties agree that the United States Sentencing

Commission Guidelines, which took effect on November 1, 1987,

and its amendments (the "Sentencing Guidelines"), will apply to

the offense or offenses to which the defendant is pleading guilty.

The defendant understands that the Sentencing Guidelines are

advisory and not binding on the Court.  The defendant further

agrees that any legal and factual issues relating to the

application of the Sentencing Guidelines to the defendant's

conduct, including facts to support any specific offense

characteristic or other enhancement or adjustment and the

appropriate sentence within the statutory maximums provided

for by law, will be determined by the Court after briefing, a pre-

sentence hearing, or a sentencing hearing.

9.   Acceptance of Responsibility– Two/Three Levels.  If the
defendant can adequately demonstrate recognition and
affirmative acceptance of responsibility to the Government as
required by the Sentencing Guidelines, the Government will
recommend that the defendant receive a two- or three-level
reduction in the defendant's offense level for acceptance of
responsibility. The third level, if applicable, shall be within the
discretion of the Government under U.S.S.G. § 3E1.1. The
failure of the Court to find that the defendant is entitled to a
reduction shall not be a basis to void this Agreement.

D.   **Sentencing Recommendation**

10.   Recommendation of Probation.  At the time of sentencing, the
United States will recommend that the defendant be placed on
probation, if the defendant qualifies under law, and pay a fine
in an amount to be determined by the Court .

11.   Special Conditions of Probation/Supervised Release.  If
probation or a term of supervised release is ordered, the United

States may recommend that the Court impose one or more special conditions, including but not limited to the following:

a. The defendant pay any fine imposed in accordance with a schedule to be determined by the Court.

b. The defendant be prohibited from incurring new credit charges or opening additional lines of credit without approval of the Probation Office unless the defendant is in compliance with the payment schedule.

c. The defendant be directed to provide the Probation Office and the United States Attorney access to any requested financial information.

d. The defendant be ordered to perform community service.

e. The defendant be restricted from working in certain types of occupations or with certain individuals, if the Government deems such restrictions to be appropriate.

E.  <u>Information Provided to Court and Probation Office</u>

12. <u>Background Information for Probation Office</u>.  The defendant understands that the United States will provide to the United

States Probation Office all information in its possession that the United States deems relevant regarding the defendant's background, character, cooperation, if any, and involvement in this or other offenses.

13. <u>Objections to Pre-Sentence Report</u>.  The defendant understands that pursuant to the United States District Court for the Middle District of Pennsylvania's "Policy for Guideline Sentencing," both the United States and defendant must communicate to the Probation Officer within 14 days after disclosure of the pre-sentence report any objections they may have as to material information, sentencing classifications, applicable Sentencing Guidelines ranges, and policy statements contained in or omitted from the report.  The defendant agrees to meet with the United States at least five days prior to sentencing in a good faith attempt to resolve any substantive differences.  If any issues remain unresolved, they shall be communicated to the Probation Officer for inclusion in an addendum to the pre-sentence report.  The defendant agrees that unresolved

substantive objections will be decided by the Court after briefing, a pre-sentence hearing, or at the sentencing hearing, where the standard or proof will be a preponderance of the evidence, and the Federal Rules of Evidence, other than with respect to privileges, shall not apply under Fed. R. Evid. 1101(d)(3), and the Court may consider any reliable evidence, including hearsay.  Objections by the defendant to the pre-sentence report or the Court's rulings, will not be grounds for withdrawal of a plea of guilty.

14. Relevant Sentencing Information.  At sentencing, the United States will be permitted to bring to the Court's attention, and the Court will be permitted to consider, all relevant information about the defendant's background, character and conduct, including the conduct that is the subject of the charges that the United States has agreed to dismiss, and the nature and extent of the defendant's cooperation, if any.  The United States will be entitled to bring to the Court's attention and the Court will be

entitled to consider any failure by the defendant to fulfill any obligation under this Agreement.

15. <u>Non-Limitation on Government's Response</u>.  Nothing in this Agreement shall restrict or limit the nature or content of the United States' motions or responses to any motions filed on behalf of the defendant.  Nor does this Agreement in any way restrict the Government in responding to any request by the Court for briefing, argument or presentation of evidence regarding the application of Sentencing Guidelines to the defendant's conduct, including but not limited to, requests for information concerning possible sentencing departures.

## F.  <u>Court Not Bound by Plea Agreement</u>

16. <u>Court Not Bound by Terms</u>.  The defendant understands that the Court is not a party to and is not bound by this Agreement, or by any recommendations made by the parties.  Thus, the Court is free to impose upon the defendant any sentence up to the maximum penalties set forth above.

17. <u>No Withdrawal of Plea Based on Sentence or Recommendations</u>.

If the Court imposes a sentence with which the defendant is

dissatisfied, the defendant will not be permitted to withdraw

any guilty plea for that reason alone, nor will the defendant be

permitted to withdraw any guilty plea should the Court decline

to follow any recommendations by any of the parties to this

Agreement.

## G.  <u>Breach of Plea Agreement by Defendant</u>

18. <u>Breach of Agreement</u>.  In the event the United States believes

the defendant has failed to fulfill any obligation under this

Agreement, then the United States shall, in its discretion, have

the option of petitioning the Court to be relieved of its

obligations under this Agreement.  Whether the defendant has

completely fulfilled all of the obligations under this Agreement

shall be determined by the Court in an appropriate proceeding,

during which any disclosures and documents provided by the

defendant shall be admissible, and during which the United

States shall be required to establish any breach by a

preponderance of the evidence.  In order to establish any breach
by the defendant, the United States is entitled to rely on
statements and evidence given by the defendant during the
cooperation phase of this Agreement, if any.

19. <u>Remedies for Breach</u>.  The defendant and the United States
agree that in the event the Court concludes that the defendant
has breached the Agreement:

    a.  The defendant will not be permitted to withdraw any guilty
plea tendered under this Agreement and agrees not to
petition for withdrawal of any guilty plea;

    b.  The United States will be free to make any
recommendations to the Court regarding sentencing in this
case;

    c.  Any evidence or statements made by the defendant during
the cooperation phase of this Agreement, if any, will be
admissible at any trials or sentencings;

    d.  The United States will be free to bring any other charges it
has against the defendant, including any charges originally

brought against the defendant or which may have been under investigation at the time of the plea.  The defendant waives and hereby agrees not to raise any defense to the reinstatement of these charges based upon collateral estoppel, Double Jeopardy, statute of limitations, assertion of Speedy Trial rights, or other similar grounds.

20. <u>Violation of Law While Plea or Sentence Pending</u>.  The defendant understands that it is a condition of this Agreement that the defendant refrain from any further violations of state, local, or federal law while awaiting plea and sentencing.  The defendant acknowledges and agrees that if the Government receives information that the defendant has committed new crimes while awaiting plea or sentencing in this case, the Government may petition the Court and, if the Court finds by a preponderance of the evidence that the defendant has committed any other criminal offense while awaiting plea or sentencing, the Government shall be free at its sole election to either:  (a) withdraw from this Agreement; or (b) make any

15

sentencing recommendations to the Court that it deems appropriate.  The defendant further understands and agrees that, if the Court finds that the defendant has committed any other offense while awaiting plea or sentencing, the defendant will not be permitted to withdraw any guilty pleas tendered pursuant to this Agreement, and the government will be permitted to bring any additional charges that it may have against the defendant.

## H.  Licensing, Resignation, and Disbarment

21. Status of Professional License.  It is further understood and agreed that the status of any professional license held by the defendant is not protected by this Agreement and is a matter solely within the discretion of the appropriate licensing authority.  The United States may in its discretion provide to any such licensing authority any documents and information in its possession.

## I.  Appeal Waiver

22. <u>Appeal Waiver – Direct</u>.  The defendant is aware that Title 28, United States Code, § 1291 affords a defendant the right to appeal a judgment of conviction and sentence; and that Title 18, United States Code, § 3742(a) affords a defendant the right to appeal the sentence imposed.  Acknowledging all of this, the defendant knowingly waives the right to appeal the conviction and sentence.  This waiver includes any and all possible grounds for appeal, whether constitutional or non-constitutional, including, but not limited to, the manner in which that sentence was determined in light of *United States v. Booker*, 543 U.S. 220 (2005).  The defendant further acknowledges that this appeal waiver is binding only upon the defendant and that the United States retains its right to appeal in this case.

23. <u>Collateral Appeal Waiver.</u>  The defendant acknowledges, understands and agrees that, by pleading guilty pursuant to this Agreement, the defendant voluntarily and knowingly waives the right to collaterally attack the defendant's

conviction, sentence, or any other matter relating to this prosecution, including but not limited to a motion to vacate judgment under Title 28, United States Code, Section 2255; a petition for a writ of habeas corpus under Title 28, United States Code, Section 2241; or any other motion or writ seeking collateral relief.  However, no provision of this agreement shall preclude the defendant from pursuing in an appropriate forum any appeal, collateral attack, writ, or motion claiming that the defendant received constitutionally ineffective assistance of counsel.  In the event the defendant raises a claim of ineffective assistance of counsel, the defendant hereby agrees (a) that the Government retains its right to oppose any such claim on procedural or substantive grounds; and (b) that counsel for the United States may confer with any of the defendant's prior counsel whose performance is attacked in such a claim, for purposes of preparing any response or for any hearing necessitated by the filing of such a claim.

18

24. <u>Appeal Waiver Breach.</u>  The defendant acknowledges that pursuing a direct appeal or any collateral attack waived in the preceding paragraph(s) may constitute a breach of this Agreement. The Government agrees that the mere filing of a notice of appeal is not a breach of the Agreement. The Government may declare a breach only after the defendant or the defendant's counsel thereafter states, either orally or in writing, a determination to proceed with an appeal or collateral attack raising an issue the Government deems barred by the waiver.  The parties acknowledge that the pursuit of an appeal or any collateral attack constitutes a breach only if a court determines that the appeal or collateral attack does not present an issue that a judge may reasonably conclude is permitted by an exception to the waiver stated in the preceding paragraph(s) or constitutes a "miscarriage of justice" as that term is defined in applicable law.

## J.  Other Provisions

25. <u>Agreement Not Binding on Other Agencies</u>.  Nothing in this Agreement shall bind any other United States Attorney's Office, state prosecutor's office, or federal, state or local law enforcement agency.

26. <u>No Civil Claims or Suits</u>.  The defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to the defendant, arising out of the investigation, prosecution or cooperation, if any, covered by this Agreement, including but not limited to any claims for attorney's fees and other litigation expenses arising out of the investigation and prosecution of this matter.  By the defendant's guilty plea in this matter the defendant further acknowledges that the Government's position in this litigation was taken in good faith, had a substantial basis in law and fact and was not vexatious.

27. <u>Plea Agreement Serves Ends of Justice</u>.  The United States is entering this Agreement with the defendant because this disposition of the matter fairly and adequately addresses the

gravity of the offense(s) from which the charge(s) is/are drawn, as well as the defendant's role in such offense(s), thereby serving the ends of justice.

28. <u>Merger of All Prior Negotiations</u>.  This document states the complete and only Agreement between the United States Attorney for the Middle District of Pennsylvania and the defendant in this case, and is binding only on the parties to this Agreement and supersedes all prior understandings or plea offers, whether written or oral.  This agreement cannot be modified other than in writing that is signed by all parties or on the record in court.  No other promises or inducements have been or will be made to the defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.  Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the defendant certifies that the defendant's plea is knowing and voluntary, and is not the result of force or threats or promises apart from those promises set forth in this Agreement.

29. <u>Defendant is Satisfied with Assistance of Counsel</u>. The
    Defendant agrees that the defendant has discussed this case
    and this Agreement in detail with the defendant's attorney, who
    has advised the defendant of the defendant's Constitutional and
    other trial and appellate rights, the nature of the charges, the
    elements of the offenses the United States would have to prove
    at trial, the evidence the United States would present at such
    trial, possible defenses, the advisory Sentencing Guidelines and
    other aspects of sentencing, potential losses of civil rights and
    privileges, and other potential consequences of pleading guilty
    in this case. The defendant agrees that the defendant is
    satisfied with the legal services and advice provided to the
    defendant by the defendant's attorney.

30. <u>Deadline for Acceptance of Plea Agreement</u>.  The original of this
    Agreement must be signed by the defendant and defense
    counsel and received by the United States Attorney's Office on
    or before 5:00 p.m., April 22, 2022, otherwise the offer may, in
    the sole discretion of the Government, be deemed withdrawn.

31. <u>Required Signatures</u>.  None of the terms of this Agreement shall

    be binding on the Office of the United States Attorney for the

    Middle District of Pennsylvania until signed by the defendant

    and defense counsel and then signed by the United States

    Attorney or his designee.

## **ACKNOWLEDGMENTS**

I have read this agreement and carefully reviewed every part of it

with my attorney.  I fully understand it and I voluntarily agree to it.

4/5/22
_____          _____
Date                                     AMY B. LEISTER
                                              Defendant

I am the defendant's counsel.  I have carefully reviewed every part
of this agreement with the defendant.  To my knowledge, my client's
decision to enter into this agreement is an informed and voluntary one.

4/5/22
_____          _____
Date                                     EDWARD J. RYMSZA, ESQ.
                                              Counsel for Defendant

23

JOHN C. GURGANUS
United States Attorney

5-18-2022

By:

Date

GEORGE J. ROCKTASHEL
Assistant United States Attorney

JCG/GJR/tf/2021R00371/03-18-2022
VERSION DATE: March 8, 2021

24